**RECEIVED**
IN LAKE CHARLES, LA
JUL 29 2010
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

**LAKE CHARLES DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | DOCKET NO. 2:09 CR 00223-001 |
| VS. | : | JUDGE MINALDI |
| RICARDO NEVARES-BUSTAMENTE | : | MAGISTRATE JUDGE KAY |

### MEMORANDUM RULING

Presently before the court is the defendant's objection to the Presentence Report ("PSR") prepared by the Probation Department.

The defendant objects to the inclusion of the Missouri conviction of November 19, 1990, and the resulting 16 point enhancement contained in ¶18 of the PSR. The defendant argues that this 16 point enhancement is precluded by *United States v. Felipe Nava-Perez*, 242 F.3d 277 (5th Cir. 2001).

In 1997, Nava-Perez was deported from the United States and subsequently illegally reentered.[1] In 1998, he was convicted of aggravated felony possession of cocaine in Texas.[2] In May of 1999, the INS reinstated his 1997 deportation order and removed him.[3] Two months later, Nava-Perez again illegally reentered and he was indicted for illegal reentry under section 276 of INA.[4] The judge enhanced Nava-Perez' sentence pursuant to 2L1.2(b)(1)(A) of the United States Sentencing

---

[1] 242 F.3d 277, 278 (5th Cir. 2001); 53 Baylor L. Rev. 557, 599 -600 (Summer 2001).

[2] *Id.*

[3] *Id.*

[4] *Id.* (noting INA § 276, 8 U.S.C. § 1326 (Supp. V 1999)).

Guidelines (USSG) which provides a 16-level increase in the offense level for unlawful reentry after having been deported following a criminal conviction for an aggravated felony.[5] Nava-Perez alleged that he was not subject to enhancement because "his second removal, in 1999, was effective in 1997, before his commission of the aggravated felony in 1998."[6] The court held that Nava-Perez was removed twice, once in 1997 and again in 1999; and that although the 1999 removal was a reinstatement of the 1997 order, it still constituted a removal.[7] Therefore, the court ruled that Nava-Perez' 1999 removal qualified as a deportation/removal after his 1998 aggravated felony conviction, and the sentence enhancement was proper.[8]

The defendant in the case at bar argues that he cannot be subjected to an enhanced penalty based upon the March 1, 1989 conviction since the order of deportation predated the conviction. Nevares further argues that he cannot be subjected to this penalty based upon the reinstatement of the order on September 4, 2009, since he has not been "removed" and "reentered" the United States subsequent to the 1990 conviction.

Probation responds that the 16 point enhancement is based upon USSG §2L1.2(b)(1)(A)(ii). That subsection states that if the defendant had been previously deported, or *unlawfully remained* in the United States, after a conviction for a crime of violence, then the offense level is to be

---

[5] *Id.* at 278; U.S. Sentencing Guidelines Manual § 2L1.2(b)(1)(A).

[6] Nava-Perez, 242 F.3d at 278.

[7] *Id.* at 279.

[8] *Id.*

2

increased by 16 levels[9] (emphasis added). Application Note 1(A)(iii) states that a defendant shall be considered to have unlawfully remained in the United States if he remained in the United States following a removal order issued after a conviction, regardless of whether the removal order was in response to the conviction.[10]

It is uncontested that the defendant has not been removed or deported since the Missouri conviction on November 29, 1990. Probation asserts, however, that the enhancement is not based upon the defendant being deported following that conviction, but on the fact that he remained in the United States after a felony conviction for a crime of violence.

Nevares was originally ordered removed on November 28, 1984, after a felony conviction for Grand Theft Auto in California. Each time the defendant is found in the United States after that time, the removal order is reinstated.

He illegally reentered the United States in April, 1989, and was subsequently convicted of

---

[9] **b)** Specific Offense Characteristic

**(1)** Apply the Greatest:

If the defendant previously was deported, or unlawfully remained in the United States, after--

**(A)** a conviction for a felony that is (i) a drug trafficking offense for which the sentence imposed exceeded 13 months; (ii) a crime of violence; (iii) a firearms offense; (iv) a child pornography offense; (v) a national security or terrorism offense; (vi) a human trafficking offense; or (vii) an alien smuggling offense, increase by 16 levels;

USSG, § 2L1.2, 18 U.S.C.A.

[10] **(iii)** A defendant shall be considered to have unlawfully remained in the United States if the defendant remained in the United States following a removal order issued after a conviction, regardless of whether the removal order was in response to the conviction. USSG, § 2L1.2, 18 U.S.C.A.

3

a crime of violence in Missouri in 1990. After serving his 18-year sentence, he was released on August 26, 2008, and unlawfully remained in the United States until being found by law enforcement on June 27, 2009. The fact that he had been released from state confinement and voluntarily remained in the United States before being apprehended by ICE agents justifies the 16 point enhancement.[11]

The defendant has not disputed the fact that he remained in the United States after serving the Missouri sentence. Instead, in a letter to the court, he says that he needed a job to earn money so that he could return to Mexico and he also blames the Marshal Service because they did not deport him after he served his sentence. The defendant's reasons for remaining in the United States are not persuasive. The statute does not provide exceptions based upon economic need or inability to provide one's own travel arrangements. Accordingly, this objection is overruled.

Lake Charles, Louisiana, this 28 day of July, 2010.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE

---

[11] See *United States v. Bustillos-Pena*, 09-20360 (5th Cir. 7/26/2010). *Bustillos-Pena* discusses the applicability of the sixteen level enhancement. Although the district court in *Bustillos-Pena* was overruled, the facts of the case at bar fall within the exception noted in fn. 3, p. 11, wherein the court stated that
> "We would reach a different result if Bustillos had been released from state confinement and voluntarily remained in the United States before being apprehended by ICE agents. If that had happened, our analysis would change, because 8 U.S.C. § 1326(a) not only makes it illegal for an alien who has been deported to 'enter' the United States, but also makes it illegal for him to be 'found in' the United States after deportation." 8 U.S.C. § 1326(a)(West 2005).

4