RECEIVED
IN LAKE CHARLES, LA

SEP - 9 2010

TONY R. MOORE, CLERK
BY_____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| UNITED STATES OF AMERICA | : | DOCKET NO. 2: 09 CR 00223-001 |
|---|---|---|
| VS. | : | JUDGE MINALDI |
| RICARDO NEVARES-BUSTAMENTE | : | MAGISTRATE JUDGE KAY |

### MEMORANDUM ORDER

The court held a hearing and received evidence in conjunction with the defendant's sentencing. After receiving evidence, the court took the matter under advisement and continued the sentencing hearing. At issue during the hearing were the sixteen point enhancement based upon the conviction in Missouri for forcible rape (Presentence Report "PSR" ¶ 18) and prior convictions required to support a statutory maximum penalty of twenty years.

Pursuant to USSG §2L1.2(b)(1)(A)(ii), the offense level is to be increased by sixteen (16) levels if the defendant was deported, or unlawfully remained in the United States, after a conviction for a crime of violence. The defendant was allegedly convicted of forcible rape and armed criminal action in Missouri on November 29, 1990. Government bears the burden of establishing a factual predicate justifying 16-level crime of violence enhancement for a defendant convicted of illegal reentry after deportation. U.S.S.G. § 2L1.2(b)(1)(A)(ii), 18 U.S.C.A.; *United States v. Bonilla*, 524 F.3d 647 (5th Cir. 2008); *United States v. Rangel-Ibarra*, 2010 WL 1752124, 1 (5th Cir. 2010); *United States v. Andrade-Aguilar*, 570 F.3d 213, 217 (5th Cir. 2009). In the case at bar, the Government did not meet its burden. Although the Government introduced documentary evidence establishing the conviction, during the hearing identity became an issue and the Government did not prove that Nevares-Bustamente was, in fact, the same person convicted of that crime in Missouri. Accordingly, the sixteen (16) point enhancement has not been sufficiently established

by the Government and it shall be removed from the PSR.

The Government also offered evidence of prior convictions which had not been assessed criminal history points because of the unavailability or illegibility of the records. Subsequent to the PSR being issued, the Government discovered legible records and "pen-packs" which established the defendant's culpability for these crimes:

* a 1984 conviction for Grand Theft Auto, in Fresno County, California (PSR ¶29);
* a 1987 conviction for burglary, Receiving Stolen Property, Fresno County, California (PSR ¶30); and
* a 1986 conviction for burglary, 2nd degree, in Los Angeles County, California (PSR ¶45).

At the sentencing hearing, the Government introduced sufficient evidence, through the testimony of a fingerprint examiner and certified criminal records, to establish these prior convictions by the defendant.

The Government explicitly stated that it is not seeking an upward departure to the twenty year statutory maximum. In light of that statement, the court must now determine if the proof of these prior convictions affects the applicable guidelines.

IT IS ORDERED that the Probation Department revise the PSR to consider these additional convictions. The Probation Department should assign criminal history points, if appropriate, and determine if an 8-level enhancement pursuant to ¶2L1.2(b)(1)(C) is applicable.

Lake Charles, Louisiana, this _8_ day of September, 2010.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE